UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIE ALI,

        Plaintiff,

v.                       Case No. 8:09-cv-1031-T-33EAJ

CALIFORNIA FIELD IRONWORKERS
TRUST FUND,

        Defendant.
_____/

## **ORDER**

This cause is before the Court pursuant to Defendant's Motion to Strike Demand for Jury Trial (Doc. # 4), Defendant's Motion to Dismiss and supporting memorandum (Doc. ## 5, 6), and Plaintiff's Motion to Remand (Doc. # 8). These motions are ripe for this Court's review. For the reasons that follow, the Court will deny the motion to remand and grant both the motion to strike and motion to dismiss. The Court will allow Plaintiff to file an amended complaint within twenty days of the date of this Order.[1]

---

[1] The record reflects that Plaintiff was represented by counsel until November 2, 2009, when her counsel was granted leave to withdraw from representing her. (Doc. # 17).

1

## I. Background

Defendant, California Field Ironworkers Trust Fund, removed this case from the Twelfth Judicial Circuit in and for Manatee County, Florida on June 4, 2009, on the basis of federal question jurisdiction. (Doc. # 1). Plaintiff, Marie Ali, alleges in her four-count complaint that she was insured by Defendant, "honestly and accurately filled out [her] application for insurance coverage," and "promptly paid all premiums owed." (Doc. # 2 at ¶¶ 9-13). Plaintiff received medical treatment for lower back pain, and Defendant denied insurance coverage. (Id. at ¶¶ 15-20).

In count one, for bad faith claims handling, Plaintiff alleges that "coverage was denied based on the investigation of an agent of [Defendant] that was not licenced to adjust claims in the state of Florida." (Doc. # 2 at ¶ 23). Plaintiff also alleges that Defendant "did not act fairly and honestly, nor to the best of their abilities, towards Ms. Ali, the insured." (Id. at ¶ 28).

In count two, for negligence per se, Plaintiff contends that:

> By failing to deny coverage during the application process, [Defendant] caused [Plaintiff] to rely on the policy issued to her. In reliance on her policy with [Defendant], [Plaintiff] did not seek other health insurance. In reliance on her policy with

2

[Defendant], [Plaintiff] sought and received treatment from providers included under the policy for several years prior to this denial of coverage.

(Id. at ¶¶ 37-39).

In count three, for breach of contract, Plaintiff contends that Defendant "failed to comply with the terms and conditions of the insurance contract [and] committed a material breach." (Id. at ¶¶ 47-48). In count four of the complaint, Plaintiff contends that Defendant violated the implied duty of good faith and fair dealing. (Id. at ¶¶ 51-53).

On July 8, 2009, Plaintiff voluntarily dismissed counts one, three, and four of her complaint, leaving only count two, negligence per se, pending for adjudication. (Doc. # 7).

**II. Analysis**

    A. **Motion to Remand**

A removing defendant bears the burden of proving proper federal jurisdiction. Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1294 (11th Cir. 2008) (citations and quotations omitted). "Federal courts are directed to construe removal statutes strictly, resolve all doubts about jurisdiction in favor of remand, and employ a presumption in favor of remand to state courts." Total Fleet Solutions, Inc. v. Nat'l Crime Ins. Bureau, 612 F. Supp. 2d 1232, 1234 (M.D. Fla. 2009).

Generally, the district courts have jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. As stated in <u>Merrell Dow Pharm., Inc. v. Thompson</u>, 478 U.S. 804, 808 (1986), "the question of whether a claim arises under federal law must be determined by reference to the well-pleaded complaint." The Supreme Court has recently explained that "[u]nder the longstanding well-pleaded complaint rule, . . . a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." <u>Vaden v. Discover Bank</u>, 129 S. Ct. 1262, 1272 (2009)(internal citations omitted).

However, if a federal statute completely preempts a state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law. <u>Aetna Health, Inc. v. Davila</u>, 542 U.S. 200, 207 (2008). "ERISA is one of these statutes." <u>Id.</u> at 208.

Defendant correctly argues in the notice of removal, motion to strike, and motion to dismiss, that this case is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 101, et seq. (ERISA). Although the complaint purports to allege only state law claims, ERISA

4

completely preempts Plaintiff's claims. See 29 U.S.C. § 1144(a)("provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title); Butero v. Royal Maccabees Life Ins. Co., 174 F.3d 1207 (11th Cir. 1999)(discussing ERISA preemption of state law causes of action).

As stated in Aetna Health, Inc., "Congress enacted ERISA to protect the interests of participants in employee benefit plans and their beneficiaries by setting out substantive regulatory requirements for employee benefit plans and to provide for appropriate remedies, sanctions, and ready access to the Federal Courts." Aetna Health, Inc., 542 U.S. at 208. (Internal citations omitted). The Aetna Health, Inc. Court also explained that "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." Id. at 209.

Plaintiff contends that "because preemption does not appear on the face of the well-pleaded complaint, a preempted state law claim does not arise under the laws of the United

5

States and cannot authorize removal." (Doc. # 9 at 5)(citing Brown v. Conn. Gen. Life Ins. Co., 934 F.2d 1193, 1196 (11th Cir. 1991). However, Plaintiff's reliance on Brown is misplaced. In Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987), the Court noted, "One corollary of the well-pleaded complaint rule developed in the case law, however, is that Congress may so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." So is the case with Plaintiff's remaining claim in this action.

In her motion to remand, Plaintiff points out that her negligence per se claim is based on a state licencing requirement for insurance adjusters: Florida Statute Section 626.112. However, remand is not appropriate because her claim is preempted. As stated by Defendant, "the claim of [Plaintiff], when stripped of all of its state law trappings, is simply a claim to recover benefits due under the terms of the California Field Ironworkers Trust Fund and plan document." (Doc. # 6 at 2).

### B. Motion to Dismiss and Motion to Strike Jury Demand

Consistent with the foregoing, the Court grants Defendant's motion to dismiss to the extent that a re-plead of the complaint is required. The Court has determined that

Plaintiff's claim is governed by ERISA. Accordingly, Plaintiff may file a amended complaint, pursuant to ERISA, within twenty days of the date of this Order.

Further, because ERISA cases are not tried by a jury, the Court strikes Plaintiff's demand for a jury trial and advises Plaintiff that her amended complaint should not contain a jury demand. See Chilton v. Savannah Foods & Indus., Inc., 814 F.2d 620, 623 (11th Cir. 1987)(holding that no right to a jury trial exists under ERISA and relying on Calamia v. Spivey, 632 F.2d 1235 (5th Cir. 1980)); Houghton v. SIPCO Inc., 38 F.3d 953, 957 (8th Cir. 1994)(holding that the "Supreme Court's decision in Mertens v. Hewitt Assocs., 508 U.S. 248 (1993) confirms that there is no right to money damages or to a jury trial under ERISA.").

Accordingly, it is

**ORDERED, ADJUDGED, and DECREED:**

(1) Defendant's Motion to Strike Demand for Jury Trial (Doc. # 4) is **GRANTED.**

(2) Defendant's Motion to Dismiss (Doc. # 5) is **GRANTED.**

(3) Plaintiff's Motion to Remand (Doc. # 8) is **DENIED.**

(4) Plaintiff may file an amended complaint within twenty days of the date of this Order consistent with the foregoing analysis.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>23rd</u> day of January, 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record